No. 2395
Second Circuit Appeal

---

R. C. THOMAS v. RADIO OIL CORPORATION

---

(June 23, 1925, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Master and Servant—159, 160 (e).

Where an injured employee applies under the Workmen's Compensation Act, Section No. 20 of Act No. 20 of 1914, as amended by Act 38 of 1918, to have the judgment rendered over a year previously reviewed and modified, he is enti

tled to no additional compensation if the evidence shows that he receives as much as he did at the time that the accident happened even though there may be a slight disability.

2. **Louisiana Digest—Master and Servant—Par. 159, 160 (e).**

The judge of the District Court is justified in refusing to re-open a Workmen's Compensation case brought under Section 8, Subsection 1 (c) and Section 20 of Act No. 20 of 1914 where the evidence shows that the injured employee is receiving as much wages as he received at the time of the injury and, therefore, suffering from no disability on which to base compensation.

(For reference, See Section 20 of Act 20 of 1914, as amended by Act 38 of 1918, Editor's note.)

(The recent amendment of Section 8 of Act No. 20 of 1914, is Act 216 of 1924.)

Appeal from First Judicial District Court of Louisiana, Parish of Caddo, Hon. E. P. Mills, Judge.

This is an application to re-open a case brought by an injured employee suing under the Workmen's Compensation Act No. 20 of 1914, for compensation.

District judge refused to re-open the case and plaintiff appealed. Judgment affirmed.

Long & Crow, of Shreveport, attorneys for plaintiff, appellant.

Barnette & Roberts, of Shreveport, attorneys for defendant, appellee.

ODOM, J. The plaintiff in this case received an injury to his hand while at work for the defendant corporation and brought suit for compensation, alleging that he was partially disabled to do work of any reasonable character, and asked for compensation at $18.00 per week for 300 weeks.

The case was tried and on the 21st day of July, 1923, the court rendered judgment granting his compensation for total disability during eight weeks and for partial disability for forty-four weeks.

The plaintiff did not appeal from this judgment but, on the contrary, collected the compensation awarded him under the judgment.

On the 24th day of January, 1925, the plaintiff made application to the District Court to have the judgment above referred to reviewed and modified, alleging that more than a year had elapsed since the rendition of the first judgment, during which time no improvement was made of his hand and that he was still permanently partially disabled to do work of a reasonable character, and asked that the court grant him compensation for an additional 250 weeks.

Defendant answered, denying the allegations of the petitioner to reopen, and further plead that the case is now concluded:

"That the court rendered judgment after trial and that plaintiff acquiesced in said judgment, and that all his claims and rights are precluded thereby."

Under the view which we have taken of this case on its merits we do not find it necessary to pass on the question as to whether the plaintiff has a right to reopen this case after more than one year had elapsed from the rendition of the original judgment.

The testimony convinces us that while it is possible some slight disability exists at this time, yet plaintiff is receiving as much wages as he received prior to his injury. He is now drawing wages amounting to $6.00 per day for seven days in the week and, according to the testimony, that is as much as he was receiving prior to the accident.

The plaintiff on being interrogated as to the present condition of his hand stated that while he might be able to do as much work of any kind as he formerly did, yet he would not like to do so. He states that his hand is not quite as strong as it was formerly and that there is some slight stiffness in the middle finger, but that so

far as ordinary work is concerned, he can do about as much now as he ever could

He was asked:

"Can you do manual labor with the hand without it giving you pain?"

And he answered:

"Well, it depends upon the kind of work. There is some work like handling pipe where I can get a full grip on it; it don't amount to much; but when lifting anything and it presses down on the palm of the hand here it hurts."

He states that he works seven days in the week and receives for his work $6.00 a day, which is as much as he received prior to his injury.

It is therefore very obvious that it would be useless to reopen this case. He is suffering from no disability, and we know of no law under which we could grant him compensation. He has already been granted compensation by the lower court for fifty-two weeks, which compensation he has accepted.

The judge of the lower court refused to reopen the case, and we think properly.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed, plaintiff to pay costs.